IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JANECE CHAPMAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:24-cv-00010-RAH |
| | ) | [WO] |
| STATE OF ALABAMA | ) | |
| DEPARTMENT OF REVENUE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

In the First Amended Complaint, Plaintiff Janece Chapman brings claims against the Alabama Department of Revenue (ADOR) under Section 504 of the Rehabilitation Act of 1973 for failure to accommodate and constructive discharge and against the ADOR's Commissioner, Vernon Barnett, under 42 U.S.C. § 1983 for disability discrimination. Pending before the Court is the Defendants' Motion to Dismiss. (Doc. 21.) The Motion is fully briefed and ripe for resolution. It is due to be granted.

## BACKGROUND

Janece Chapman resides in Demopolis, Alabama and suffers from anxiety disorder, major depressive disorder, post-traumatic stress disorder, seizure disorder, and a cranial cyst. (Doc. 19 at 7.) One or more of these conditions impact Chapman's ability to concentrate, work, think, communicate, and sleep. (*Id.*)

Chapman began working for the Alabama Department of Revenue in 2014 as a Revenue Compliance Officer. (*Id.* at 5.) At some point, ADOR assigned Chapman to work in the Tuscaloosa field office, resulting in a two-plus hour commute to and from work every day. (*Id*. at 6, 8–9.)

1

On May 3, 2022, and again on June 8, 2022, Chapman informed ADOR that she was having difficulty performing her job duties because of her disability and requested that she be allowed to work out of the Demopolis office on days when she was not required to work at the Tuscaloosa office.  (*Id*. at 7, 10–11.)  In her June 8 letter to ADOR, she claimed that "her two hour and 10-minute commute to and from work to the Tuscaloosa office was negatively impacting her health and disability, as well as her job performance, and that she needed an accommodation to work out of the Demopolis office on days she was not scheduled" for appointments in Tuscaloosa.  (*Id*. at 11.)  She also stated that "she was currently undergoing treatment for her disability and the requested accommodation would allow for increased functioning, concentration, and productivity."  (*Id*.)  Her request for an accommodation was denied on June 30, 2022.  (*Id*. at 9, 12.)

On July 7, 2022, Chapman filed an appeal and a written discrimination complaint with ADOR's EEO office.  (*Id*. at 13.)  On August 10, 2022, Chapman received a letter notifying her that the investigation into her complaint was complete and that appropriate action had been taken, although that action was not disclosed to her.  (*Id*. at 14.)  ADOR however did not agree to restation her to the Demopolis office as she had requested.

On August 18, 2022, Chapman suffered a seizure, and later provided ADOR with documentation regarding her seizure.  (*Id*. at 15.)  According to Chapman, her medical issues worsened due to ADOR's failure to restation her and then on October 31, 2022, "Defendant constructively discharged Plaintiff."  (*Id*.)

On January 8, 2024, Chapman sued.  In the operative complaint (the First Amended Complaint), Chapman sues ADOR for failure to accommodate and constructive discharge in violation of Section 504 of the Rehabilitation Act.  She also sues Vernon Barnett, the Commissioner of the ADOR, in his individual capacity for disability discrimination under 42 U.S.C. § 1983.

2

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8 of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).  When evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[D]etermining whether a complaint states a plausible claim is context specific, requiring the reviewing court to draw on its experience and common sense." *Id.* at 663–64.  But if the facts in the complaint "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief,'" and the complaint must be dismissed. *Id.* at 679 (alteration adopted) (quoting Fed. R. Civ. P. 8(a)(2)).

## DISCUSSION

ADOR and Barnett move to dismiss all claims against them.

### A. ADOR

Chapman alleges that ADOR violated the ADA in failing to accommodate her requests to restation her to the Demopolis, Alabama office, and in constructively discharging following those requests.  She seeks monetary damages as well as injunctive relief, primarily reinstatement.

3

ADOR moves to dismiss Chapman's ADA claims (Counts One and Two) for monetary damages on grounds of sovereign immunity. ADOR is correct that Chapman may not seek monetary damages under the ADA "because Congress failed to validly abrogate the States' sovereign immunity." *Henderson v. Thomas*, 891 F. Supp. 2d 1296, 1312 (M.D. Ala. 2012). "Absent a legitimate abrogation of immunity by Congress or a waiver of immunity by the state being sued, the Eleventh Amendment is an absolute bar to suit by an individual against a state or its agencies in federal court." *Gamble v. Fla. Dep't of Health & Rehab. Servs*., 779 F.2d 1509, 1511 (11th Cir. 1986). Congress has not legitimately abrogated States' Eleventh Amendment immunity with respect to employment disability discrimination claims under the ADA. *Bd. Of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 374 (2001); *Leverette v. Ala. Revenue Dep't*., 453 F. Supp. 2d 1340, 1343 (M.D. Ala. 2006). ADOR's Motion to Dismiss is thus due to be granted as to Chapman's ADA claims in Counts One and Two for monetary damages against it because those claims are barred by sovereign immunity.

As ADOR recognizes, even if a state has sovereign immunity under the Eleventh Amendment for ADA claims, a plaintiff may rely on *Ex parte Young* to maintain an action for injunctive relief in a suit against state officials for continuing violations of federal law. *Leverette*, 453 F. Supp. 2d at 1343; *see Ex parte Young,* 209 U.S. 123 (1908). *Ex parte Young* provides an exception to sovereign immunity where the plaintiff alleges an ongoing violation of rights under the ADA and seeks prospective injunctive relief. *Henderson*, 891 F. Supp. 2d at 1312.

Chapman alleges that, as a result of ADOR's disability discrimination in violation of the ADA, she was not afforded an accommodation and was constructively discharged. She also seeks injunctive relief of reinstatement to her previous position. *See Lane v. Cent. Ala. Cmty. Coll.,* 772 F.3d 1349, 1351 (11th Cir. 2014) ("[R]equests for reinstatement constitute prospective injunctive relief that

4

fall within the scope of the *Ex parte Young* exception and, thus, are not barred by the Eleventh Amendment."); *Gideon v. Auburn Univ.*, No. 3:22-CV-176-RAH, 2022 WL 17253633, at *4 (M.D. Ala. Nov. 28, 2022) ("The Court . . . finds that reinstatement is a form of prospective injunctive relief which may be sought against Camus in her official capacity under the *Ex parte Young* exception."). But Counts One and Two are not directed against state officials, which is a necessary component of the *Ex parte Young* exception. As such, that Chapman also seeks injunctive relief from the ADOR in Counts One and Two does not save these two claims from dismissal on sovereign immunity grounds.

### B. Vernon Barnett

In Count Three, Chapman sues Vernon Barnett, Commissioner of the ADOR, in his individual capacity under 42 U.S.C. § 1983 for disability discrimination. In his motion to dismiss, Barnett argues the First Amended Complaint fails to state a plausible claim against him. In particular, he argues the First Amended Complaint alleges no facts showing or even suggesting that he was involved in any employment decisions involving Chapman, let alone treated Chapman differently from other employees or discriminated against her. He also argues that a plaintiff cannot bring an independent civil rights action under 42 U.S.C. § 1983 to vindicate rights created under the ADA. Chapman responds by asserting that Barnett is not entitled to *qualified immunity*[1] and that her complaint "allegations plausibly suggest that the individual Defendant, Commissioner Barnett, deprived Ms. Chapman of her rights in violation of the Fourteenth Amendment because of her disabilities." (Doc. 24 at 10.) For the reasons below, this claim (Count Three) will be dismissed.

First, the First Amended Complaint sets out no facts specific to Barnett. While Barnett may be the Commissioner of ADOR, that alone does not make him

---

[1] Chapman spends much of her brief directed to the issue of qualified immunity. Although Barnett has raised a host of issues for dismissal, he did not assert his entitlement to qualified immunity.

5

individually liable for monetary damages for disability discrimination. Chapman alleges no facts showing that Barnett was actually involved in any decision to deny her request for an accommodation or with respect to her separation from ADOR. The referenced decisionmakers were others. And when called to task about the absence of any specific allegations against Barnett, Chapman in her response doubles down with a complete lack of specificity as to Barnett. Indeed, when addressing the issue, she repeatedly refers to the "ADOR" in general and fails to point to any conduct specific to Barnett. And to the extent Chapman attempts to bootstrap a claim against Barnett under the guise of pleading "Defendants" in general, such allegations are nonspecific and constitute impermissible shotgun pleadings. As such, this claim is due to be dismissed on this basis alone. *See* Fed. R. Civ. P. 8; *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

But even had Chapman provided enough factual detail of Barnett's personal involvement in Chapman's employment, Chapman's § 1983 claim against him is still due to be dismissed. In the Eleventh Circuit, a plaintiff cannot bring an independent civil rights action under 42 U.S.C. § 1983 to vindicate rights created under the ADA. *Holbrook v. City of Alpharetta*, 112 F.3d 1522, 1531 (11th Cir. 1997) ("We conclude that a plaintiff may not maintain a section 1983 action in lieu of-or in addition to-a[n] . . . ADA cause of action if the only alleged deprivation is of the employee's rights created by the . . . ADA."). Chapman is clearly attempting to do just that. Indeed, Count Three for liability under § 1983 largely mimics her claims in Counts One and Two for violations of the ADA and makes clear that she is suing Barnett for disability discrimination for rights created under the ADA; that is, the right to an accommodation on account of her disability and retaliation in constructively discharging her. For that additional reason, this claim is due to be dismissed.

Accordingly, Chapman's § 1983 claim against Barnett for violating rights created under the ADA is due to be dismissed.[2]

## CONCLUSION

For these reasons, Defendants' Motion to Dismiss, (doc. 21), is due to be GRANTED. A separate Order, consistent with this Memorandum Opinion, will be entered contemporaneously herewith.

**DONE** on this the 7th day of June, 2024.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Generally, "[p]ersonal action by defendants individually is not a necessary condition of injunctive relief against state officers in their official capacity." *Luckey v. Harris*, 860 F.2d 1012, 1015 (11th Cir. 1988). Rather, "it is sufficient that the state officer sued must, 'by virtue of his office, ha[ve] some connection' with the unconstitutional act or conduct complained of." *Id*. at 1015–16 (alteration in original) (quoting *Ex parte Young*, 209 U.S. at 157). But here, Chapman does not argue for the *Ex parte Young* exception specific to any claim for equitable relief against Barnett in his official capacity. And even if she did, it likely would not save her claim.